NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1261
_____

RALPH R. VAN DEVENTER, JR.,
Appellant
v.

JOHNSON & JOHNSON PENSION COMMITTEE
OF JOHNSON & JOHNSON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-10-cv-06344)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit LAR 34.1(a)
November 1, 2013

Before: McKEE, *CHIEF JUDGE,* FISHER, and SLOVITER, *Circuit Judges*

(Filed: November 4, 2013)
_____

OPINION
_____

SLOVITER, *Circuit Judge.*

Ralph Van Deventer, Jr. ("Van Deventer") appeals from the District Court's Order

granting Johnson & Johnson Pension Committee's second motion for summary judgment

and denying Van Deventer's second motion for summary judgment. For the following reasons, we will affirm.[1]

## I.

Van Deventer worked for Johnson & Johnson as a Senior Compliance Analyst until he became disabled—from multiple weaknesses in his skeletal structure and tenosynovitis of the left ankle. Through his employer, Van Deventer was enrolled in the Long Term Disability Income Plan for Choice Eligible Employees of Johnson & Johnson (the "Plan").

The Plan provides two different, time sensitive definitions of "disabled." During the first twelve months of disability, the claimant must only show that he is unable to perform the essential functions of his regular occupation with or without reasonable accommodation. After the first twelve months, the claimant must show that he is unable to perform any job in the company for which the claimant is, or could reasonably become, qualified with or without reasonable accommodation. Van Deventer was awarded benefits from his time of filing, April 2009, until March 2010. After the one year of disability provided for in the Plan, the Plan Administrator determined that Van Deventer was not so disabled as to be unable to perform "any job" as required by the Plan for an award of long-term disability benefits.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §1132(e)(f). We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* a district court's grant of summary judgment. *See Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008) (citation omitted).

The record contains four independent medical examinations, a functional capacity evaluation, and two independent physician reviews.[2] On February 18, 2010, the Pension Committee denied Van Deventer long-term disability benefits. Van Deventer appealed the denial to the Plan Administrator and the appeal was denied. Van Deventer filed a second appeal on August 24, 2010; that appeal was also denied.

On December 7, 2010, Van Deventer filed a complaint against the Pension Committee alleging that the company terminated benefits owed to him from the Plan pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (a)(1)(B). Van Deventer filed a motion for summary judgment and the Pension Committee filed a cross-motion for summary judgment. The District Court denied both motions and remanded the case to the Plan Administrator "to verify Dr. Barr's diagnosis and opinion and to re-evaluate the findings and opinion of the Plan Administrator." On February 3, 2012, Van Deventer moved for reconsideration, arguing that, based on this court's decision in *Miller v. American Airlines, Inc.*, 632 F.3d 837, 856-57 (3d Cir. 2011), the District Court did not have discretion to remand a decision to terminate if the District Court could not affirm the Plan Administrator's decision. On May 22, 2012, the District Court denied the motion for reconsideration without addressing the applicability of *Miller* and ordered Dr. Barr to issue a new report within 30 days, and ordered that the Plan Administrator render a decision within 30 days of receiving Dr. Barr's response.

---

[2] The District Court provides a thorough recitation of the relevant medical evidence in its February 12, 2012 Memorandum on pages 2 through 8.

On July 11, 2012, the Plan Administrator issued its final appeal determination on remand from the district court, again concluding that Van Deventer was not unable to perform any job and denying long-term disability benefits. The parties again filed cross-motions for summary judgment. On January 17, 2013, the District Court denied Van Deventer's second motion for summary judgment and granted the Pension Committee's second motion for summary judgment.

## II.

Van Deventer argues on appeal that the District Court did not have authority to remand the case to the Plan Administrator and that the Plan Administrator's denial of benefits was arbitrary and capricious.

## A. The District Court's Remand

Van Deventer argues that under this court's decision in *Miller v. American Airlines, Inc.*, 632 F.3d at 837, the District Court did not have authority to remand the case to the Plan Administrator. In *Miller*, this court reviewed an employer's termination of an employee's long-term disability benefits after four years of granting benefits. *Id.* at 841. This court concluded that the plan administrator abused its discretion in terminating the employee's benefits and ordered retroactive reinstatement of benefits. *Id.* at 857. Specific to the termination of benefits, this court concluded that the proper remedy is to reinstate benefits rather than remand to the plan administrator, based in large part on restoring the status quo. *Id.* at 856-57.

Van Deventer fails to acknowledge the differences between *Miller* and his case. As opposed to *Miller*, where benefits were suddenly terminated after four years, the Plan

4

Administrator here denied Van Deventer long-term benefits in the first instance. The benefits awarded to Van Deventer for the previous eleven months were only an initial award of benefits. The Plan Administrator informed Van Deventer that, as of March 2009, his initial period of benefits would expire and he would be subject to a "thorough evaluation" of his claim to determine long-term benefits based on his ability to perform "any job," as opposed to only his regular occupation. Thus, unlike *Miller*, this is not a termination of benefits after years of receiving the identical benefits, but rather a denial of long-term benefits the first time Van Deventer could have qualified.

Moreover, the District Court never concluded that the Plan Administrator abused his discretion as in *Miller*. The District Court stated that the Administrator's failure to verify Dr. Barr's opinions, which the District Court concluded were inconsistent, "may constitute procedural irregularities in the claim review process and indicate that the plan administrator did not act as a neutral arbiter, and thereby breached his fiduciary duty to the plan participants." However, the District Court concluded that a clarification by Dr. Barr was necessary prior to any determination of breach. Dr. Barr's response further supports this conclusion because he stated that he believed his conclusions were not inconsistent and reiterated his "opinion from the beginning" that Van Deventer was capable of working sedentary duty with the recommendation that he be able to change his position frequently. Moreover, based on our independent review of the record, there is no basis to conclude that the Plan Administrator abused its discretion.

Therefore, we conclude that *Miller* did not bar the District Court's discretion to remand the case to the Plan Administrator when ruling on the first cross-motions for summary judgment.

## B. The Denial of Benefits

Van Deventer presents a number of arguments in an attempt to demonstrate that the Plan Administrator's denial of his benefits was arbitrary and capricious.

If an ERISA plan's terms provide the plan administrator with discretionary authority to determine benefits eligibility, then the administrator's decision to deny benefits will be upheld unless it is arbitrary and capricious. *See Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120-21 (3d Cir. 2012) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). The parties agree in the instant case that, based on Johnson & Johnson's plan, the arbitrary and capricious standard of review applies. "An administrator's decision is arbitrary and capricious 'if it is without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Miller*, 632 F.3d at 845 (quoting *Abnathya v. Hoffman-La Roche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993)). "A decision is supported by substantial evidence if there is sufficient evidence for a reasonable person to agree with the decision." *Courson v. Bert Bell NFL Player Ret. Plan*, 214 F.3d 136, 142 (3d Cir. 2000) (quotations and citation omitted).

As the District Court highlighted, the Plan Administrator relied on the conclusions of four different doctors that Van Deventer was capable of performing sedentary work. *See, e.g.*, App. 276, 422, 709 (Dr. Barr's conclusions); 297 (Dr. Filippone's conclusion); 218-21 (Dr. Sukhov's conclusion); 683 (Dr. Trangle's conclusion). Additionally, Van

6

Deventer's personal doctor, Dr. Strouse, concluded that Van Deventer was capable of performing sedentary work for three to six hours a day.

From the Plan Administrator's conclusion that Van Deventer was capable of sedentary work with certain restrictions and limitations, Van Deventer implies that the Plan Administrator relied only on Dr. Barr's opinion, since he is the only doctor who determined that Van Deventer was capable of sedentary work with restrictions. Van Deventer presumes that the Plan Administrator did not rely on, and that the District Court could not consider, the opinions of physical therapist Filippone, Dr. Trangle, or Dr. Quinones because they concluded that Van Deventer was capable of sedentary work *without* restrictions. However, just because these doctors reached a less restrictive conclusion than the one adopted by the Plan Administrator does not permit the inference that the Plan Administrator did not take these opinions into consideration in making its conclusion. Especially in this case, the Plan Administrator's denial specifically stated that the evaluation looked at "all documentation related to Mr. Van Deventer's claim" and lists the medical records and reports submitted by Drs. Strouse, Sukhov, Barr, and Trangle and physical therapist Fillipone.

Van Deventer argues that he tried switching positions during sedentary duty, alternating between sitting and standing, as recommended by Dr. Barr, to relieve his pain, and that it did not work. However, Van Deventer cites no case law requiring that the District Court give greater weight to Van Deventer's opinion than the weight of the medical information available to it. Given the uniformity among the doctors in recommending that Van Deventer can perform sedentary duty either with or without

7

restrictions, we cannot conclude that the Plan Administrator was arbitrary and capricious in concluding that Van Deventer was capable of performing sedentary duty with restrictions or limitations.[3]

## III.

For the foregoing reasons, we will affirm the District Court's grant of Johnson & Johnson Pension Committee's second motion for summary judgment and denial of Van Deventer's second motion for summary judgment.

---

[3] Van Deventer puts forth a number of secondary arguments—criticizing the amount of communication between the Pension Committee and Dr. Barr and the Pension Committee's failure to tell Dr. Barr that Van Deventer tried switching positions, and alleging that the Plan Administrator had not acted as a disinterested neutral—which we conclude are unpersuasive.